## T. P. MAHONEY v. LEWIS T. ERICKSON.[1]

### February 13, 1925.

### No. 24,406.

**Assignment of error.**

Where point is raised by motion for new trial that verdict is not supported by evidence, it may be raised on appeal by assignment of error. [Reporter.]

Action in the municipal court of St. Paul. The case was tried before Rounds, J., and a jury which returned a verdict in favor of plaintiff for $75. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Lyle Pettijohn,* for appellant.

*Thomas J. McDermott,* for respondent.

PER CURIAM.

Two Fords meeting upon a narrow roadway collided. This lawsuit resulted, in which each party claimed damages to his car because of alleged negligence of the other. The jury awarded plaintiff $75, and defendant appeals.

Plaintiff's Ford was a touring car of the 1919 output. He bought it second hand in 1920 and used it right along until the collision, October 1, 1922. His complaint alleged the car to be damaged in the sum of $150. The injury was not so great but that the car could be driven

[1]Reported in 202 N. W. 68.

home from the place of accident. He testified that he paid $47 for repairs, but all he showed was a bill for $19. This was not receipted. There was no testimony as to the value of the repairs. That plaintiff's estimate of damages is extravagant and unreliable is shown by the fact that he testified that the damages to a casing, cut in the collision, was $17. The casing had run 1,500 miles and cost new $18. The cut was vulcanized and in the bill mentioned the charge for vulcanizing was $3. There is no evidence that after the repairs the car was in a worse condition or worth less than immediately prior to the collision. Outside plaintiff's testimony that he paid $47 for repairs this is the only basis for damages: "Q. Tell the court and jury, Mr. Mahoney, what the difference was in value in that car before it was struck and afterwards. A. Well, I figure $150—is what I am suing for." And on cross-examination, after the court ruled out what plaintiff paid for the car, he testified: "Q. You say that damage done to the car was about $150? A. It was. Q. What was this damage? A. well, the tire and casing." No other evidence referred to any damage or injury to the car other than such as the repairs or new parts made good. Allen v. Brown, 159 Minn. 61, 198 N. W. 137, is authority for the proposition that there is no competent evidence to sustain the verdict for $75. The point that the verdict is excessive and not supported by the evidence was raised by the motion for a new trial and may be raised in this court by assignments of error.

No authorities need be quoted to show that the court erred in receiving testimony that defendant next day had a bottle and offered a farmer, with whom he was compelled to leave his car, a drink therefrom.

Order reversed.